**Elva Marie LaBONTE, Francis B. La-Bonte, Michele L. LaBonte, a minor, and Nanette LaBonte, a minor, by next friend, Plaintiffs,**

v.

**Bernard John PREYER, a/k/a Bernard John Preger, Defendant.**

**No. 66-C-344.**

United States District Court
E. D. Wisconsin.

July 11, 1969.

---

aside a default judgment previously entered against him and, further, to dismiss the action for want of personal jurisdiction over him.

The default judgment in the amount of $19,000.00 was granted in favor of the plaintiffs and against the defendant on February 12, 1968, after a hearing held on December 1, 1967. At this hearing testimony was taken in support of the allegations of the complaint, claiming personal injury and property damage arising out of an automobile accident involving the parties which occurred in Michigan.

## FACTS

The pertinent facts which gave rise to this action are as follows:

An automobile accident occurred in December 1964 in Clio, Michigan, between cars driven by the defendant and the plaintiff, Elva Marie LaBonte. Francis D. LaBonte was the owner of the automobile driven by Elva Marie LaBonte. The other parties plaintiff were passengers in the LaBonte automobile at the time of the accident. All of the LaBontes were then, and are now, Wisconsin residents. Defendant was at the time of the accident, and is now, a resident of Michigan.

The defendant was insured at the time of the accident by the Trinity Universal Insurance Company (hereinafter "Insurance Company") of Dallas, Texas. On August 16, 1965, the plaintiffs' Milwaukee attorney sent a letter of retainer to Mr. Jack Tripplehorn in Flint, Michigan. On November 11, 1965, the Milwaukee claims manager of the Insurance Company's Milwaukee office notified the plaintiffs' attorney by letter that, in his words, "our office will be handling this matter. Please forward to us medical reports and specials when you are in a position to do so." With a view to settlement of the claims, the plaintiffs' attorney subsequently entered into negotiations with the Milwaukee office of the Insurance Company and furnished them with medical reports, bills, accident report forms, and estimates of the

Emmett O'Connell, Milwaukee, Wis., for plaintiffs.

John A. Kluwin, Milwaukee, Wis., for defendant.

## OPINION AND ORDER

REYNOLDS, District Judge.

The defendant has moved, pursuant to Rules 12(b), 55(c), and 60(b) of the Federal Rules of Civil Procedure, to set

cost of repairs. These negotiations were continuing in nature and involved three claims men from the Insurance Company's Milwaukee office.

At some point during these settlement negotiations, the plaintiffs commenced the present action. Plaintiffs' attorney had the United States Marshal in Michigan serve copies of the summons and complaint as well as the amended summons and complaint on the defendant personally in Michigan. It also appears from the record that a copy of the plaintiffs' motion for default judgment was mailed to the defendant.

The defendant in no way answered or replied to the summons, complaints, or motion served upon him, and he never entered an appearance in this court prior to the default judgment for any purpose whatsoever; nor did the Insurance Company at any time notify the plaintiffs' attorney that it was no longer handling the matter or indicate in any way that it no longer represented the defendant's interests.

The plaintiffs' attorney did not name the Insurance Company as a party defendant because, as he stated in his brief, "automobile liability policies written in Michigan contain a 'no action' clause which prohibits the naming or serving of the insurance company involved as a party defendant." Apparently plaintiffs' counsel assumed that under the law of conflict of laws, Michigan law would govern the determination of liability, damages, and the naming of parties defendant. In any event, the Wisconsin direct action statute [1] would not apply because both the issuance of the defendant's policy and the accident in question occurred outside the State of Wisconsin.

## DOES THIS COURT HAVE JURISDICTION OVER THE DEFENDANT?

Plaintiff asserts that either of two subsections of the Wisconsin statutes provide for personal jurisdiction over the defendant in this action. The first of these subsections, § 262.05(4) (a), provides:

"262.05 Personal jurisdiction, grounds for generally. A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 262.06 under any of the following circumstances:

\* \* \* \* \* \*

"(4) LOCAL INJURY; FOREIGN ACT. In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury either:

"(a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; \* \*."

Plaintiff contends that personal jurisdiction over the defendant in this action is established under § 262.05(4) because the negotiations carried on by the Milwaukee office of the Insurance Company were "service activities \* \* \* carried on within this state \* \* \* on behalf of the defendant." While § 262.-05(4) requires that the service activities relied upon must be carried on within this state "at the time of the injury" outside this state, I am of the opinion that "at the time of the injury" means, in the context of this case, "at the time of the accident" which would be December 1964. There is no evidence that the Insurance Company's Milwaukee office was rendering any service activities on behalf of defendant at that time. Consequently, jurisdiction over the person of the defendant on this ground has not been established.

Plaintiff also contends that jurisdiction over the defendant is established under § 262.05(1) (d) which provides:

"262.05 Personal jurisdiction, grounds for generally. A court of

---

1. § 260.11, Wis.Stats. (1967).

"(1) \* \* \* If the policy of insurance was issued or delivered outside the state of Wisconsin, the insurer is by this section made a proper party defendant only if the accident or injury occurred in the state of Wisconsin."

this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 262.06 under any of the following circumstances:

"(1) LOCAL PRESENCE OR STATUS. In any action whether arising within or without this state, against a defendant who when the action is commenced:

\*　\*　\*　\*　\*　\*

"(d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise."

■ Plaintiff maintains that at the time the action was commenced, the defendant was engaged in substantial activities within this state by way of settlement negotiations being conducted by the Milwaukee office of his representative Insurance Company. I believe that the plaintiff's contention is correct.

The conduct of the Insurance Company, on behalf of the defendant insured, in conducting settlement negotiations over a period of time satisfies the general requirements of an agency relationship as stated in 3 Am.Jur.2d, Agency § 17, p. 428:

"\*　\*　\* The principal must intend that the agent shall act for him, the agent must intend to accept the authority and act on it, and the intention of the parties must find expression either in words or conduct between them."

Defendant has not asserted that such negotiations were conducted without his knowledge and consent. Neither has he asserted that the Insurance Company acted beyond its authority as his representative at any time. Nor is there any suggestion that the defendant ever denied or revoked the authority of the Insurance Company to act in his behalf in attempting to negotiate a settlement of the dispute involved in this lawsuit.

■ Furthermore, the authority of an agent cannot be revoked by the principal without notice to the third party with whom the agent is dealing on behalf of the principal. The law in this area is well summarized in 3 Am.Jur.2d, Agency § 44, p. 447:

"\*　\*　\* The general rule is that the acts of an agent, within the apparent scope of his authority, are binding on the principal as against one who had formerly dealt with him through the agent and who had no notice of the revocation, because such a person is justified in assuming the continuance of the agency relationship. This is especially so with reference to transactions initiated by the agent before the revocation of his authority, as in the case of persons continuing to deal with purchasing agents or insurance agents. Moreover, the principal may, by reason of his conduct subsequent to the revocation of an agent's authority, be estopped to deny that revocation."

■ There was never notice of any kind to plaintiffs or their attorney that the Insurance Company's Milwaukee office had ceased to act on behalf of the defendant. Therefore, the defendant may not now deny the authority of the Insurance Company to act on his behalf in Wisconsin.

I therefore find that the Insurance Company was acting as the agent of the defendant in that the Insurance Company was carrying on continuing negotiations on behalf of the defendant. I further hold that these negotiations constitute "substantial and not isolated activities within this state" as contemplated by the jurisdictional statute involved and, as such, are acts attributable to the defendant.

The Wisconsin Supreme Court in Pavalon v. Fishman, 30 Wis.2d 228, 140 N. W.2d 263 (1966), similarly concluded that personal jurisdiction over a foreign defendant can be established through the contacts of the defendant's agent with this state. Although the *Pavalon* decision dealt with another subsection of § 262.05, the logic of the decision is equally applicable to the case at bar.

■ I am further persuaded to reach the conclusion that the defendant has submitted himself to the jurisdiction of this court through the acts of his agent, the Insurance Company, in the State of Wisconsin because the conduct of the Milwaukee claims office has the earmarks of fraud, deceit, and misrepresentation. The defendant having turned this matter over to his Insurance Company, and the Insurance Company having in turn informed the plaintiffs' attorney that "our [local] office will be handling this matter," the defendant cannot now assert that neither he nor his agent engaged in activities within this state. Such a position cannot, in the interest of justice, be condoned. The Insurance Company's Milwaukee office induced plaintiffs to believe the Milwaukee office was representing the defendant and acting in his behalf in attempting to settle the dispute. This assertion cannot now be denied because the settlement negotiations proved unsuccessful. This court will hold the defendant to the representations of his representatives. To suggest that an insurance company may represent a client and act on his behalf in a state other than the state in which the client resides, never indicating that it is acting other than as agent of the client, and yet maintain that the client has never subjected himself to the jurisdiction of the foreign state in which the Insurance Company has acted on his behalf shocks the conscience of this court and is certainly not in the interest of justice.

I therefore find that this court did in fact and law acquire personal jurisdiction over the person of defendant when he was served[2] with the summons and complaint and the amended summons and complaint in this action.

However, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, in the interest of justice and because of the belief apparently held by the defendant and/or his counsel that the person of the defendant was not subject to the jurisdiction of this court, I am setting aside the default judgment so that the matter may be determined on the merits.

For all the foregoing reasons,

It is ordered that the motion of the defendant, Bernard John Preyer, a/k/a Bernard John Preger, to set aside the default judgment entered against him on February 12, 1968, shall be and it hereby is granted.

It is further ordered that the defendant, Bernard John Preyer, a/k/a Bernard John Preger, file a responsive pleading on or before July 28, 1969; and this matter is hereby scheduled for a preliminary pretrial conference on Wednesday, July 30, 1969, at 3:00 P.M., in Room No. 471, Federal Building, Milwaukee, Wisconsin.

2. Rule 4 of the Federal Rules of Civil Procedure provides in relevant part:

"(d) Summons: Personal Service. * * * Service shall be made as follows:

\* \* \* \* \*

"(7) * * * it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state.

\* \* \* \* \*

"(f) Territorial Limits of Effective Service. All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state. * * *"

Since these rules clearly allow for service "in the manner prescribed by the law of the state in which the district court is held," Wisconsin law must be considered. Section 262.06 of the Wisconsin Statutes deals with the service of process and provides in relevant part:

"262.06 Personal jurisdiction, manner of serving summons for. A court of this state having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in s. 262.05 may exercise personal jurisdiction over a defendant by service of a summons as follows:

"(1) * * * upon a natural person:

"(a) By personally serving the summons upon the defendant either within or without this state."