Ralph R. **KIRCHEN** et al.,
Plaintiffs,

v.

Eldon C. **ORTH** et al.,
Defendants.

Civ. A. No. 73–C–54.

United States District Court,
E. D. Wisconsin.

March 14, 1975.

10. 72 Cr. 496 (S.D.N.Y.), aff'd, 485 F.2d 677 (2d Cir. 1973), cert. denied, 416 U.S. 935, 94 S.Ct. 1932, 40 L.Ed.2d 285 (1974)

**314**

Thomas L. Smallwood, Milwaukee, Wis., for plaintiffs.

William P. Croke, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an automobile negligence case based upon diversity of citizenship in which defendants Eldon C. Orth and Guaranty National Insurance Company (hereinafter "Guaranty National") have moved to dismiss plaintiffs' complaint or, in lieu thereof, to quash the service of the summons on each of the moving defendants. Defendant Guaranty Na-

tional, in addition, claims to be an improper party by virtue of a "no-action" clause contained in the insurance policy it issued to Orth in North Dakota. The motion to dismiss must be granted in favor of defendant Eldon C. Orth and denied with respect to defendant Guaranty National.

There is no dispute as to the ultimate facts pertinent to the motion to dismiss. Plaintiffs' complaint alleges that Kirchen and his wife were involved in an automobile accident in Hennepin County, Minnesota, on January 19, 1972. Plaintiffs are residents of Wisconsin. Defendant Orth, the driver of the other vehicle involved in the collision, is a resident of the State of North Dakota. Defendant Guaranty National is the liability insurer of Orth and a resident of Colorado, having its principal place of business in Denver, Colorado.

On March 20, 1972, shortly after the accident, Crawford and Company Insurance Adjusters, Inc., a Wisconsin corporation (hereinafter "Crawford"), contacted plaintiffs' attorney stating that Crawford was acting as adjuster for and agent of Guaranty National. Crawford requested medical information and items of special damages. Thereafter plaintiffs entered into negotiations with the Milwaukee office of Crawford. Medical reports, bills, property damage estimates, and other special damage items were submitted to Crawford. Finally negotiations broke down and an adjuster for Crawford wrote to plaintiffs' attorney stating that its principal, Guaranty National, was denying the claim. Shortly thereafter the instant suit was commenced in this court. Defendant Orth was personally served in North Dakota, and Guaranty National was served at its principal place of business in Denver, Colorado.

### I. *Personal Jurisdiction Over Defendant Orth*

Orth contends that he has had insufficient "minimum contacts" with the State of Wisconsin to justify this court's assumption of jurisdiction over his person by virtue of personal service in North Dakota. Generally Rule 4(f) of the Federal Rules of Civil Procedure limits the effective service of process of a district court in diversity actions to the territorial limits of the state in which the district court sits.[1] However, because there is no federal equivalent to state long-arm statutes, Rule 4(d)(7) and (e) incorporates state long-arm statutes into the federal rules by reference and compels the district court, in determining whether extraterritorial service of process is an effective exercise of personal jurisdiction, to apply the long-arm statute of the state in which the district court sits.[2] Sun-X Glass

---

[1]. Rule 4(f) of the Federal Rules of Civil Procedure provides:

"(f) Territorial Limits of Effective Service. All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state. * * *"

Since these rules clearly allow for service "in the manner prescribed by the law of the state in which the district court is held," Wisconsin law must be considered.

[2]. Rule 4 of the Federal Rules of Civil Procedure provides in relevant part:

"(d) Summons: Personal Service. * * * Service shall be made as follows:

* * * * *

"(7) * * * it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state.

"(e) Same: Service Upon Party Not Inhabitant of or Found Within State. * * * Whenver a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, or (2) for service upon or notice to him to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of his prop-

Tinting of Mid-Wisconsin, Inc. v. Sun-X International, Inc., 227 F.Supp. 365 (W.D.Wis.1964); Thill Securities Corp. v. New York Stock Exchange, 283 F.Supp. 239 (E.D.Wis.1968); Wisconsin Metal & Chemical Corp. v. DeZurik Corp., 222 F.Supp. 119 (E.D.Wis.1963). Thus, whether this court has personal jurisdiction over Orth by virtue of service upon him in North Dakota must be determined with reference to § 262.05, Wisconsin's long-arm statute.

■ Plaintiffs contend that two subsections of § 262.05 confer personal jurisdiction over defendant Orth, the first being § 262.05(4)(a) which provides:

"A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 262.06 under any of the following circumstances:

\*   \*   \*   \*   \*   \*

"(4) Local injury; foreign act. In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury either:

"(a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; or

"(b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade."

This subsection is inapplicable in this case as to both Orth and Guaranty National. One of the jurisdictional facts required is an injury to a person with the State of Wisconsin. It is the occurrence in this state of the injury which a defendant is claimed to have caused which gives rise to personal jurisdiction. In the present case the injury occurred in Minnesota, the place of the accident, and not in Wisconsin. Con-

sequently jurisdiction cannot be sustained under this subsection.

Plaintiff also contends that jurisdiction over Orth is established under § 262.05(1)(d) which provides:

"A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 262.06 under any of the following circumstances:

"(1) Local presence or status. In any action whether arising within or without this state, against a defendant who when the action is commenced:

\*   \*   \*   \*   \*   \*

"(d) Is engaged in substantial and not isolated activities within this state \* \* \*."

Plaintiff maintains that at the time the action was commenced, Orth was engaged in substantial activities within the State of Wisconsin by way of the settlement negotiations being conducted by Crawford as adjusters for Guaranty National. Essentially, plaintiffs' contention is that an insurance company conducting settlement negotiations is acting as an agent of the insured, and, consequently, the activities of the agent-insurer are attributable to the insured. Further, assuming that the settlement negotations constitute "substantial and not isolated activities within this state," plaintiff maintains that the insured, Orth, is amenable to personal jurisdiction under § 262.05 (1)(d).

Plaintiffs' contention is well taken in that this court has held in LaBonte v. Preyer, 300 F.Supp. 1078 (E.D.Wis. 1969), that such settlement negotiations on the part of the insurer constitute, by way of agency, substantial activity on the part of the insured within the State of Wisconsin, rendering the insured subject to the personal jurisdiction of this court.

While *LaBonte,* supra, can probably be factually distinguished from the pres-

erty located within the state, service may in either case be made under the circumstances

and in the manner prescribed in the statute or rule."

4

ent case, such distinctions would be artificial. The preferable approach is to re-examine the relationship between the insurer and insured and the agency concept utilized in *LaBonte*.

■ Whether or not an agency relationship exists turns on several factors, including the extent of control retained by the alleged principal. Kablitz v. Hoeft, 25 Wis.2d 518, 131 N.W.2d 346 (1964); Boehck Construction Equipment Corp. v. Voigt, 17 Wis.2d 62, 115 N.W.2d 627 (1962). As stated in 2A C.J.S. Agency § 6, at 561 (1972):

> "There can be no agency relation unless the purported principal has some control or right of control over the actions of his purported agent. * * It is the existence of the right of control which establishes the existence of the agency relation. * * * "

■ The question, therefore, is: What control or right of control does the insured have over his insurer in the conduct of settlement negotiations? All liability insurance policies contain provisions reserving to the insurer the right to defend any action against the insured and to make such investigation, negotiation, and settlement of any claim or suit as it, the insurer, deems expedient. The purpose of these provisions is to invest the insurer with the complete control and direction of the defense or compromise of claims against the insured so that the insurer may adequately protect its own interests. The insured has no right to control the method, means, or place of settlement negotiations which the insurer has reserved exclusively for itself. In addition, while the insurance company may be acting on behalf of the insured in the negotiations and settlement of claims in some sense, the insurer is acting in a dual capacity, the principal purpose of which is to protect its own contingent liability under the contract. Consequently, the insurer is not acting solely on behalf of the insured but principally acts on behalf of itself. Under these circumstances, it cannot be said that an agency relation exists between insurer and insured in the conduct of settlement negotiations.

■ Where the insured has no control over the manner or place of settlement negotiations, to subject him to personal jurisdiction and possible personal liability in excess of the policy limits wherever the insurer chooses to conduct settlement negotiations is offensive to due process. If the insurer is the agent of the insured, then the insured would be subject to jurisdiction wherever the insured was engaged in substantial activities. In Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958), the United States Supreme Court, noting that *International Shoe* [International Shoe Co. v. State of Wash., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95] was not the demise of all restrictions on personal jurisdiction, stated:

> " * * * it is essential in each case that there be some act by which the defendant *purposefully* avails itself of the privilege of conducting activities within the form State, thus invoking the benefits and protections of its laws. * * * " (Emphasis added.)

Thus, in addition to "minimum contacts," due process and fair play require that the defendant must willfully associate himself with the forum. In the present case, Orth as an insured engaged in no purposeful or willful conduct with the State of Wisconsin. Orth had no control over the activities of Guaranty National in Wisconsin and, consequently, cannot be said to have willfully associated himself with the state nor purposefully invoked the benefit and protections of its laws. Orth has not had even minimal contact with this jurisdiction. Therefore, this court has no personal jurisdiction over defendant Orth.

II. *Personal Jurisdiction Over Defendant Guaranty National*

■ Defendant Guaranty National also claims insufficient contact with the

forum to justify this Court's assumption of jurisdiction over its person. Crawford was the agent and clearly subject to the control of the defendant Guaranty National at the time of the commencement·of this action. The Wisconsin Supreme Court in Pavalon v. Fishman, 30 Wis.2d 228, 140 N.W.2d 263 (1966), concluded that personal jurisdiction over a foreign defendant can be established through the contacts of defendant's agent with this state. As held in LaBonte v. Preyer, supra, the negotiations carried on in the State of Wisconsin constitute "substantial and not isolated activities within this state" as contemplated by § 262.05(1)(d). Therefore, Guaranty National, by virtue of the settlement negotiations of its agent, was engaged in "substantial and not isolated activities" in the State of Wisconsin and thus subject to personal jurisdiction under § 262.05(1)(d).

### III. *Effect of the No-Action Clause*

■ In addition to objecting to the personal jurisdiction of this court, Guaranty National claims that it is an improper party defendant because of the no-action clause contained in the policy issued to the insured, Orth. While the Wisconsin direct action statute is not expressly applicable to this action,[3] equity and a realistic evaluation of the respective rights of the parties require this court to hold that the insurance company is estopped or otherwise precluded from asserting its no-action clause under the circumstances of this case.

The agents of Guaranty National, Crawford, contacted plaintiffs' attorney in the State of Wisconsin and requested medical information and items of special damage. With a view toward settlement, plaintiffs entered into good faith discussions and negotiations with the Milwaukee office of Crawford, the agent of Guaranty National. Medical reports, bills, property damage estimates, and other special damage items were submitted to the insurance company. Discussions between Crawford and plaintiffs' attorney were continuous in nature. Over the period of these continuous and ongoing negotiations, the insurance company in a sense lulled plaintiffs' attorney into a false sense of security and led him to believe, rightly or wrongly, that at least the policy of insurance would be available in this action.

■ Where an insurance· company has entered this state, transacted business, and subjected itself to the personal jurisdiction of this court, justice and fairness require that the same insurance company not be allowed to assert a lack of personal jurisdiction over the individual insured and then, although having personally submitted itself to the jurisdiction of this court, completely defeat the action by invocation of its no-action clause. By entering the State of Wisconsin and transacting business here, Guaranty National has consented to be sued at least to the extent of its liability under the policy and will not now be heard to assert its no-action clause. There is no policy reason for holding that service of process on the insurer, the real party in interest, is insufficient to compel it to defend an action in this state when it has transacted business here and is thus subject to the jurisdiction of this court.

■ The law has too long maintained the fiction that the insured is the real party in interest. Viewed realistically and honestly, the insurance company conducts the defense, employs its own attorneys, decides if and when to settle, and is in full control of the entire litigation. The principal concern of the insurer is to protect its own "contingent" liability under the contract. As a general proposition, the law of this state rejects this legal fiction, recognizing that the insurer is the real party

---

3. Section 260.11(1) of the Wisconsin Statutes provides in part:

"* * * If the policy of insurance was issued or delivered outside the state of Wis-

consin, the insurer is by this section made a proper party defendant only if the accident, injury or negligence occurred in the state of Wisconsin."

in interest and that the insured is a mere nominal party.[4] When utilized to completely defeat the causes of action of injured Wisconsin plaintiffs, the legal fiction created by no-action clauses becomes too onerous to enforce in good conscience. Thus, aside from the equitable considerations presented by this case, precluding the insurance company's assertion of the no-action clause is compelled by a realistic and reasonable evaluation of the respective rights of the plaintiffs, defendants, and the State of Wisconsin. The interest of the State of Wisconsin in facilitating recovery of residents injured in automobile accidents is not lessened by the fact that the accident occurred out of state. Therefore, a recognition of realities, rather than fictions, dictates the conclusion that this action is maintainable against Guaranty National, notwithstanding its no-action clause.

No longer willing to accept the legal fiction created by no-action clauses, the New York courts have adopted judicial direct action. Seider v. Roth, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (1966); Simpson v. Loehmann, 21 N.Y. 2d 305, 287 N.Y.S.2d 633 234 N.E.2d 669 (1967); Minichiello v. Rosenberg, 410 F.2d 106 (2d Cir. 1968), cert. denied 396 U.S. 844, 90 S.Ct. 69, 24 L.Ed. 2d 94. However, the New York courts believed it necessary to resort to another legal fiction to achieve this result. In Seider v. Roth, supra, two New York residents were injured in an accident in Vermont through the negligence of a Canadian resident insured by a foreign liability insurer doing business in New York. The New York plaintiffs were unable to obtain personal jurisdiction over the individual nonresident insured but could obtain personal jurisdiction over the insurance company because it was doing business in New York. In order to reach the desired result, the New York court reasoned that the insurance company's contractual obligation to defend and indemnify was a "debt" owing to the defendant insured, and, therefore, because plaintiffs were able to obtain personal jurisdiction over the insurer, they could through "attachment" of the debt owed the insured by the company acquire "quasi-in-rem" jurisdiction over the nonresident insured. The policy underlying the decision in Seider v. Roth, supra, is the court's belief that when the plaintiff is able to obtain personal jurisdiction over the insurance company, he should be able to maintain an action against it to the extent of the policy limits because to this extent the insurance company is the real party in interest. Thus, recognizing the insurance company as the real party in interest, the New York court resorted to a legal fiction of labelling the duties of the insurer under the contract a "debt" and in effect created a direct action against insurers under the guise of "quasi-in-rem" jurisdiction.[5]

---

4. The Wisconsin legislature has enacted direct action statutes which currently cover the vast majority of actions commenced against liability insurers. Section 204.30(4), which is the direct liability section, provides:

"(4) Liability of insurer. Any bond or policy of insurance covering liability to others by reason of negligence shall be deemed and construed to contain the following conditions: That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, irrespective of whether such liability be in praesenti or contingent and to become fixed or certain by final judgment against the insured, when caused by negligence, such liability not to exceed the amount named in said bond or policy. The right of direct action herein given against an insurer shall exist whether or not the policy or contract of insurance contains a provision forbidding such direct action."

5. The fact that the New York courts resorted to the legal fiction of quasi-in-rem jurisdiction in order to promote underlying policy considerations is further supported in the subsequent case law. Under a consistent application of quasi-in-rem jurisdiction, the injured party should be able to attach the "debt" wherever the insurer does business. Harris v. Balk, 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023 (1905). However, the doctrine of Seider v. Roth is applicable only to cases where the plaintiff is a resident of the forum. Vaage v. Lewis, 29 A.D.2d 315, 288

**320**

Simpson v. Loehmann, supra; Minichiello v. Rosenberg, supra. While the result and intent of the *Seider* court commends itself to this court, we do not believe it necessary to resort to legal fictions of "quasi-in-rem" jurisdiction and the problems inherent in doing indirectly that which ought to be done directly. The same result is obtained without resorting to additional legal fictions and ancient doctrines of quasi-in-rem jurisdiction by precluding the assertion of the no-action clause.

### IV. *Defendants' Motion for Transfer*

In the event that the motion to dismiss was denied, defendants have moved in the alternative to have this action transferred to either North Dakota or Minnesota, pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses and in the interests of justice. Since this motion was not fully briefed or considered by the parties, the Court will consider any additional submissions which are made to the Court.

Now, therefore, it is ordered that the action against the defendant Eldon C. Orth be and it hereby is dismissed.

It is further ordered that the motion to dismiss on behalf of the defendant Guaranty National Insurance Company be and it hereby is denied.

It is further ordered that plaintiffs shall have a period of twenty days from the filing date of this order to file appropriate briefs and affidavits in opposition to defendants' motion for transfer pursuant to 28 U.S.C. § 1404(a). Defendant Guaranty National shall have ten days thereafter to file a reply brief and affidavits in support of its motion. The matter will then be decided by the Court upon the briefs and other material filed by the parties.

N.Y.S.2d 521 (1968); Farrell v. Piedmont Aviation, Inc., 411 F.2d 812 (2d Cir. 1969). Both cases noted that where plaintiff is a resident of the forum state and the insurer is present in it, the state has a substantial and continuing relation with the controversy.