Judith M. UTZ and Classified Insurance Corporation, Plaintiffs-Appellants,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY and Ruth Levick, Defendants-Appellees.

No. 79–1996.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 6, 1979.

Decided April 7, 1980.

**8**

Charles P. Reiter, Milwaukee, Wis., for plaintiffs-appellants.

Michael L. Quirk, Milwaukee, Wis., for defendants-appellees.

Before SPRECHER, BAUER and CUDAHY, Circuit Judges.

CUDAHY, Circuit Judge.

This action arose from an automobile accident in Ohio between Utz, allegedly a resident of Wisconsin, and Levick, a resident of Pennsylvania. Plaintiff-appellant Utz, joined by her insurer, Classified Insurance Corporation, brought this diversity action in the district court against defendant-appellee Levick and her insurer, Nationwide Insurance Company ("Nationwide"). Defendants' motion to dismiss the complaint as to both plaintiffs was granted by the district court, and plaintiffs appeal. We find that the record below is insufficient to support the action of the district court, and we, therefore, reverse and remand for further proceedings consistent with this opinion.

*1. Facts*

Nationwide is not a Wisconsin corporation, but it is qualified to do business in Wisconsin and has negotiated a partial settlement of Utz's claims through its Wisconsin agent, Crawford and Company ("Crawford"). Levick has not had any contacts with Wisconsin except insofar as the negotiations conducted by Nationwide through Crawford may be deemed to be activities undertaken on her behalf (*i. e.*, insofar as Nationwide and Crawford may be deemed to be Levick's agents).

Defendants sought dismissal on only three grounds: (1) lack of diversity jurisdiction, (2) lack of personal jurisdiction over Levick because she had no contacts with the state of Wisconsin and (3) improper venue. The district court granted the motion on ground (2) as to Levick, finding that her contacts with Wisconsin were not sufficient to sustain jurisdiction. The court did not rule on the diversity or venue issues but held, *sua sponte*, that Nationwide could not be joined as a defendant because the requirements of the Wisconsin direct action statute had not been met.

## 2. The Action Against Nationwide

■ The Wisconsin direct action statute allows a plaintiff to join an insurer as a proper party defendant in an action against the insured for damages resulting from the negligence of the insured. Wis.Stat. § 803.-04(2)(a).[1] However, the second sentence of this subsection limits its application, stating that "[i]f the policy of insurance was issued or delivered outside this state, the insurer is by this paragraph made a proper party defendant only if the accident, injury or negligence occurred in this state." Thus, in order to join an insurance company in the action, the accident must have occurred in Wisconsin, or the insurance policy must have been issued or delivered in Wisconsin. In the instant case, the accident occurred in Ohio, not Wisconsin, so Nationwide would not be a proper party defendant unless the insurance policy was issued or delivered in Wisconsin. Nationwide had not sought dismissal on grounds of place of issuance of the policy so neither side briefed the question where the insurance policy was issued or delivered. The insurance policy itself was never introduced into evidence. In spite of this apparent gap in the evidence, the district court dismissed Nationwide, noting that "plaintiffs have not alleged in any way that defendant Levick's policy was issued to her by Nationwide in Wisconsin. Consequently, there is no jurisdiction over defendant Nationwide. . . ."

■ There are several difficulties with this disposition. While we find it unlikely

that Nationwide issued or delivered the policy in Wisconsin since Levick was a resident of Pennsylvania, under these circumstances plaintiffs' failure to allege facts pertaining to issuance or delivery should not be dispositive of this question. Plaintiffs are not, under existing case law, required to plead facts relating to the place of issuance or delivery of the policy. There is at least one case applying the direct action statute to similar facts in which the defendant insurance company's motion to dismiss was denied because there was nothing in the record to indicate where the insurance policy was issued. *Scribbins v. State Farm Mutual Automobile Insurance Co.*, 304 F.Supp. 1268 (E.D.Wis.1969). Thus, under existing case law (in the Eastern District of Wisconsin), the burden is on the defendant insurer to introduce evidence relating to the limitations of the direct action statute when it seeks dismissal on that basis. It follows that the burden is not on plaintiff to make allegations or present evidence about the place of issuance or delivery of the policy when defendant has not raised the issue, as was the situation in the instant case.

■ Further and most importantly, since the district court reached the question of the direct action statute on its own motion and without the question's having been raised by the parties, the plaintiff did not have an opportunity to present any evidence which might have indicated that Nationwide should be estopped from asserting

1. For purposes of this appeal we assume that the Wisconsin direct action statute should be considered substantive, not procedural, within the meaning of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) because it creates a separate right of action "which substantially affects the rights of an injured person." *Posner v. Travelers Insurance Co.*, 244 F.Supp. 865, 868 (E.D.Ill.1965). A federal court sitting in diversity must also apply the conflict of laws rules of the state in which it sits in order to resolve any choice of law problem. *Klaxon v. Stentor Electric Manufacturing Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The parties to the instant case have not addressed themselves to the choice of law issue, *i. e.*, whether the rights of the parties are to be governed by the law of Wisconsin, Ohio or Pennsylvania.

Under Wisconsin conflicts law, the direct action statute at issue here is considered procedural and would be applied to all actions brought in the forum regardless of the substantive law chosen. *Oertel v. Williams*, 214 Wis. 68, 251 N.W. 465 (1933). In some ways the statute itself incorporates conflicts principles since it does not apply unless either the accident or the issuance and delivery of the policy occurred in Wisconsin. We, therefore, assume, for purposes of this appeal, that the Wisconsin direct action statute would apply if the policy here were issued and delivered in Wisconsin. However, this does not preclude the parties and the district court from considering the choice of law question more fully on remand and reaching a different result.

the limitations of the direct action statute as a defense.

In *Kirchen v. Orth*, 390 F.Supp. 313 (E.D. Wis.1975), the defendant insurance company was held to be estopped from raising the limitations of the direct action statute as a defense because Crawford, its Wisconsin agent, had entered into negotiations with the plaintiff in Wisconsin and had thus lulled the plaintiffs into believing that the insurance company could be sued in Wisconsin. In the instant case, plaintiffs have also negotiated with Crawford (Nationwide's agent in Wisconsin), and, therefore, it is possible that Nationwide may be held to be estopped, as was the insurance company in *Kirchen v. Orth*.[2]

■ We, therefore, find it necessary to reverse and remand this aspect of the case for a fuller consideration whether the insurance policy was issued and delivered in Wisconsin and whether Nationwide should be deemed to be estopped from asserting the limitations of the direct action statute as a defense to the action.

### 3. *Jurisdiction over Levick*

The district court dismissed the complaint as to Levick, finding that Levick had no contacts with Wisconsin other than the negotiations conducted by Nationwide (through Crawford) in Wisconsin. As to these negotiations, the court stated that "Levick had no control whatsoever over Nationwide's decision to hold certain negotiations in Wisconsin."

In this connection, *LaBonte v. Preyer*, 300 F.Supp. 1078 (E.D.Wis.1969), involved an accident in Michigan between a Wisconsin plaintiff and a Michigan defendant. The defendant's insurance company was located in Texas (and was not joined as a party defendant under the Wisconsin direct action statute), but its Wisconsin branch had negotiated with the plaintiff. The court held that the insurance company was an agent of the defendant, and its negotiations constituted "substantial and not isolated activities" in Wisconsin. These activities were conducted on behalf of the defendant and formed the basis of the court's jurisdiction over the defendant. In *Kirchen v. Orth*, 390 F.Supp. 313 (E.D.Wis.1975), the plaintiff also argued that the defendant's insurance company was the defendant's agent and, therefore, that the insurance company's negotiations with the plaintiff in Wisconsin were conducted on behalf of the defendant and were a sufficient basis for jurisdiction over him. In rejecting this argument, the district court said:

> "All liability insurance policies contain provisions reserving to the insurer the right to defend any action against the insured and to make such investigation, negotiation and settlement of any claim or suit as it, the insurer, deems expedient. . . . Under these circumstances, it cannot be said that an agency relation exists between insurer and insured in the conduct of settlement negotiations." 390 F.Supp. at 317.

■ In the instant case, the district court did not have the insurance policy before it and thus could not determine with certainty the character of the relationship between Levick and Nationwide. The policy is not part of the record on appeal. Rather than assuming that all insurance policies give the insurer the right to enter into negotiations without the consent of the defendant (although this may well be the case), we believe it the better practice to examine the terms of the insurance policy at issue to determine their legal effect. In any event following this practice is justified here where a remand is required on other issues. We, therefore, reverse and remand this aspect of the instant case to the district court for consideration of the terms of the insurance policy Nationwide issued to Levick.

### 4. *Disposition of Motions*

Both plaintiffs and defendants have moved to strike and clarify various matters

---

**2.** *Bielke v. Iowa National Mutual Insurance Co.*, 451 F.Supp. 376 (E.D.Wis.1978), cited in the opinion of the district court, found that in the absence of "equity considerations," a defendant insurer was not estopped to raise the limitations of the direct action statute.

in each other's briefs relating to whether the insurance policy was issued and delivered in Wisconsin and the character of negotiations between Utz and Crawford.

We have not found it necessary to consider the challenged materials in reaching the procedural questions raised in this appeal, but rather have remanded this case to the district court for further determination. The motions are, therefore, denied and the case reversed and remanded for proceedings consistent with this opinion.