**Orlin J. LADWIG and Joanne Ladwig, Plaintiffs,**

**v.**

**TRUCK INSURANCE EXCHANGE, Garrett Freight Lines, Inc., and David Stasch, Defendants.**

Civ. A. No. 80–C–36.

United States District Court, E. D. Wisconsin.

Oct. 17, 1980.

Donald E. Koehn, Sheboygan Falls, Wis., for plaintiffs.

Michael L. Quirk, Milwaukee, Wis., for defendants.

## DECISION and ORDER

REYNOLDS, Chief Judge.

This is a diversity action arising out of a highway collision which occurred in Shoshone County, Idaho, on February 1, 1978. The collision involved a truck operated by plaintiff Orlin J. Ladwig, a Wisconsin resident, and a truck operated by defendant David Stasch, an Idaho resident. The truck operated by Stasch was owned by defendant Garrett Freight Lines, Inc. ("Garrett") which is a corporation organized under the laws of Idaho. At the time of the accident, Garrett's trucks were covered by a liability insurance policy issued by defendant Truck Insurance Exchange which is a corporation organized under the laws of California. The policy was issued in Los Angeles, Cali-

fornia, and delivered to Garrett's home office in Pocatello, Idaho.

Currently before the court is defendants' motion to dismiss the complaint for lack of personal jurisdiction. Since all parties have submitted affidavits in support of their positions, the motion will be treated as one for summary judgment.

■ In determining whether the court has personal jurisdiction over an out–of–state defendant, I must apply the long–arm statute of the state in which the court sits. *Thill Securities Corp. v. New York Stock Exchange*, 283 F.Supp. 239 (E.D.Wis.1968). Thus, reference must be made to § 801.05 of the Wisconsin Statutes.

Plaintiffs concede that the Wisconsin long–arm statute does not confer personal jurisdiction over defendant Stasch, an Idaho resident who has no contacts with the State of Wisconsin. A dispute does remain, however, with respect to defendants Garrett and Truck Insurance Exchange.

Plaintiffs seek to base the court's jurisdiction over Garrett on § 801.05(1)(d) Wis. Stats., which confers personal jurisdiction over any defendant who "[i]s engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise."

According to the affidavits submitted to the court, Garrett is an Idaho corporation which at no time has ever maintained an office in Wisconsin. Garrett is not authorized to do business in Wisconsin and has no assets, property, or employees located in Wisconsin. Garrett does, however, have authority from the Interstate Commerce Commission to transport certain commodities through the State of Wisconsin on an irregular basis. Pursuant to that authority, Garrett trucks have travelled 2,203 miles on Wisconsin roads since 1973. The majority of those miles were travelled in 1976, and no miles have been travelled since 1977.

During the period from 1973, Garrett trucks have travelled a total of 455,620,051 miles nationwide. Thus, the miles travelled on Wisconsin roads represent .00048 of Garrett's total business. In dollar terms, Gar-

rett generated $3,524.80 from its Wisconsin operations, compared to total revenues of $729,103,000.

■ I find that the infrequent use of Wisconsin roads by Garrett does not constitute the "continuous and systematic" activity necessary to confer jurisdiction under § 801.05(1)(d). *Towne Realty, Inc. v. Bishop Enterprises, Inc.*, 432 F.Supp. 691, 694 (E.D.Wis.1977). Garrett's contacts with Wisconsin are isolated and totally unconnected with the subject matter of this lawsuit. Accordingly, I must hold that the plaintiffs have failed to establish personal jurisdiction over Garrett.

The question with respect to Truck Insurance Exchange is technically not one of personal jurisdiction but rather is a question of whether the company may be sued pursuant to Wisconsin's direct action statute § 901.05(10), Wis.Stats., *Utz v. Nationwide Mutual Insurance Co.*, 619 F.2d 7 (7th Cir., 1980).

■ The court has been provided with a copy of the relevant insurance policy which contains a "no–action" clause providing that no action may be brought against the insurer unless a judgment is first obtained against the insured. It is well settled that in the absence of certain equitable considerations discussed below a no–action clause will be given effect if the accident occurred outside Wisconsin and the insurance policy was issued or delivered outside the state. *Bielke v. Iowa National Mutual Insurance Co.*, 451 F.Supp. 376 (E.D.Wis.1978); *Scribbins v. State Farm Mutual Automobile Insurance Co.*, 304 F.Supp. 1268 (E.D.Wis. 1969). In this case it is conceded that the accident occurred outside of Wisconsin. In addition, the insurance policy shows on its face that it was issued and delivered outside of the state. Accordingly, Truck Insurance Exchange is not a proper party defendant unless plaintiffs can show that the company should be equitably estopped from raising such a defense.

The estoppel doctrine has its genesis in the case of *Kirchen v. Orth*, 390 F.Supp. 313 (E.D.Wis.1975). In that case, the Court

found that the defendant insurance company through its conduct during extensive and ongoing settlement negotiations with the plaintiff's attorney had consistently misled him into believing that the policy of insurance would be available to the plaintiffs in their suit in Wisconsin. Such conduct was held to estop the company from relying on the no–action clause contained in the insurance policy.

■ Hoping to bring themselves under the holding of *Kirchen*, plaintiffs have submitted affidavits from Mr. Ladwig, his attorney Mr. Koehn, and a representative of Mr. Ladwig's workmen's compensation carrier. All that these affidavits establish, however, is that Truck Insurance Exchange regularly requested information on Mr. Ladwig's condition and the extent of his medical bills. There is no indication that the company ever embarked upon settlement negotiations and, more importantly, that it ever led plaintiffs to believe that the company would be amenable to suit in Wisconsin. Accordingly, *Kirchen* does not apply and the no–action clause must be given effect.

■■ The fact that the court does not have personal jurisdiction over the defendants does not necessarily mean that the action must be dismissed. The Court also has the option of transferring the action to a district where personal jurisdiction over the defendants could be established. 28 U.S.C. § 1406(a); *Goldlawr Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *O'Neal v. Hicks Brokerage Co.*, 537 F.2d 1266 (4th Cir. 1976); *Mayo Clinic v. Kaiser*, 383 F.2d 653 (8th Cir. 1967). Since the defendants have voiced no objection to such procedure, and since it appears that if the action is dismissed plaintiffs may be barred from refiling in the Idaho state or federal court by Idaho's two–year statute of limitations, the action will be transferred to the United States District Court for the District of Idaho.

IT IS THEREFORE ORDERED that defendants' motion to dismiss the complaint is hereby denied.

IT IS FURTHER ORDERED that the above–entitled action be and hereby is transferred to the United States District Court for the District of Idaho.