Norbert **TILIDETZKE**, et al., Plaintiffs,

v.

**Linwood Rubin PREISS**, et al., Defendants.

**Civ. A. No. 84–C–1209.**

United States District Court, E.D. Wisconsin.

July 2, 1985.

T. Michael Schober, New Berlin, Wis., for plaintiffs.

John M. Swietlik, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a diversity action arising out of a highway collision which occurred in the City of George West, Texas, on February 10, 1983. The collision involved a vehicle driven by plaintiff Norbert Tilidetzke, a Wisconsin resident, and a truck operated by defendant Linwood Rubin Preiss, a Texas resident. At the time of the accident, the truck operated by Preiss was owned by his employer, defendant Blake Dunn, and was covered by a liability insurance policy issued by defendant State Farm Mutual Automobile Insurance Company ("State Farm") which was issued and delivered in the State of Texas. These facts are taken from the complaint and the submissions of the parties and are not in dispute.

Currently before the Court is the defendants' motion to dismiss the complaint for lack of personal jurisdiction. Since all parties have submitted affidavits or documentary exhibits in support of their positions, the motion will be treated as one for summary judgment.

■ Applying Wisconsin's long-arm statute, § 801.05 Wis.Stats., the plaintiffs concede that this Court does not have personal jurisdiction over the individual defendants, who have no contacts with the State of Wisconsin. The issue with respect to State Farm is not one of personal jurisdiction, since the defendants do not seriously contend that State Farm is not engaged in substantial activities in Wisconsin, but rather is a question of whether the company may be sued pursuant to Wisconsin's direct action statute, § 632.24 Wis.Stats.

■ The court has been provided with a copy of the relevant insurance policy which contains a "no-action" clause providing that no action may be brought against the insurer unless a judgment is first obtained against the insured. This provision must be given effect, since the accident occurred outside Wisconsin and the insurance policy was issued and delivered outside the state, unless the plaintiffs can show that State Farm should be equitably estopped from asserting this defense. *Kirchen v. Orth*, 390 F.Supp. 313 (E.D.Wis.1975).

■ In *Kirchen*, the Court found that the defendant insurance company through its conduct during extensive and ongoing settlement negotiations with the plaintiffs' attorney had consistently misled him into believing that the insurance policy would be available to them in their suit in Wisconsin. The plaintiffs contend that State Farm has similarly misled them into believing the insurance would be available in a Wisconsin action, and have filed copies of correspondence between the plaintiffs' attorneys and the company in support of this contention.

The correspondence establishes that the plaintiffs' attorneys wrote to the State Farm office in Texas and requested that the file in this matter be transferred to State Farm's Milwaukee office, and offered to compile and forward to whichever office State Farm designates all relevant data respecting injuries and special damages. After the file was transferred to Milwaukee, the plaintiffs requested and received reimbursement for their air fare from Texas following the accident. State Farm also complied with the plaintiffs' request for information on the applicable insurance policy, and the plaintiffs forwarded medical reports and specials and requested an appointment to discuss settlement. The plaintiffs agreed to submit to an independent medical exam at State Farm's request and requested financial information on the Texas insured (Blake Dunn) in contemplation of an action for damages in excess of the policy limits. Finally the plaintiff forwarded a written settlement offer, to which

State Farm replied with a counter offer after this action was filed.

Under the rationale set forth in *Kirchen* and subsequent cases cited by the parties, State Farm has not misled the plaintiffs into believing that they could sue on the insurance policy in Wisconsin. In *Kirchen*, the defendant insurance company contacted the plaintiffs' attorney in Wisconsin through a Wisconsin agent, and initiated settlement discussions. In this case, the plaintiffs requested that negotiations be conducted in Wisconsin and the plaintiffs initiated settlement discussions. In addition, prior to the filing of this lawsuit, State Farm only accumulated medical information that it was in the plaintiffs' interest to provide in Wisconsin. Since all of these activities were conducted in Wisconsin at the plaintiffs' request, no activity of the defendants can be said to have "lulled plaintiffs' attorney into a false sense of security...." *Kirchen* at 318.

The plaintiffs never indicated that they would rely solely on the insurance policy in this action, and instead requested financial information on the insured in contemplation of an action for damages in excess of the policy limits. Finally, giving effect to the no-action clause in this case will not completely defeat the plaintiffs' action, since they have filed a timely state court action in Texas, and have requested in the alternative that this action be transferred to the Federal District Court in Texas under 28 U.S.C. § 1404(a). Accordingly, *Kirchen* doesn't apply, and the no-action clause must be given effect.

■ The defendants also agree that under the factors set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), this action should be transferred to Texas since all investigatory witnesses, eyewitnesses and certain medical witnesses are Texas residents. The Court agrees, and also finds that because this Court does not have personal jurisdiction over the individual defendants, and State Farm is not a proper party due to the no-action clause, it would be in the interests of justice to transfer this action to

Texas where all defendants are amenable to suit. Consequently, this action will be transferred to the U.S. District Court for the Southern District of Texas, Victoria Division, to preserve the plaintiffs' choice of a federal forum.

IT IS THEREFORE ORDERED that the defendants' alternative motion to transfer this action to the United States District Court for the Southern District of Texas, Victoria Division, is granted.