Kingvision v. McCoy, et al.          CV-00-288-M   01/11/01
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Kingvision Pay-Per-View, Ltd.,
      Plaintiff

      v.                                  Civil No. 00-288-M
                                          Opinion No. 2001 DNH 011
John McCoy, et al.,
      Defendants


                          O R D E R


      Kingvision Pay-Per-View, Ltd., brings this action seeking

damages for defendants' alleged violations of the Federal

Communications Act of 1934, as amended by the Cable

Communications Policy Act.  See 47 U.S.C. §§ 533, 605.  It

alleges that each of the defendants unlawfully intercepted and

published Kingvision's cable and/or satellite broadcast of the

Mike Tyson/Evander Holyfield heavyweight fight on June 28, 1997.

Kingvision's complaint also raises common law claims for breach

of contract, breach of implied contract, and fraud, over which it

says the court may properly exercise supplemental jurisdiction.

Pending before the court are motions to dismiss filed by several

defendants.

**Discussion**

The various pending motions to dismiss are virtually identical; each raises the same arguments in support of the requested relief. The complaint names each of the moving defendants in the same manner: an individual defendant, who is sued "individually and d/b/a" under a trade name or some form of unincorporated business entity. The complaint also purports to name those unincorporated business entities as separate defendants. So, for example, the complaint names defendants Kimberly Letares and Center City Citizens Club as follows:

> Kimberly Letares, <u>Individually and d/b/a</u> Center City Citizens Club a/k/a The Citizens Club, <u>and</u> Center City Citizens Club a/k/a The Citizens Club.

Kingvision's Verified Complaint (emphasis supplied).

In support of their various motions to dismiss, defendants raise two arguments. First, they assert that the unincorporated business entities identified in the complaint do not exist. Instead, they say the referenced entities are, in fact, duly registered corporations. And, because the complaint fails to

2

identify those entities as corporations, plaintiff has failed to properly name (and presumably serve) them. Next, defendants say that because they are either officers or directors of those corporate entities, the "corporate veil" shields them from any liability under the Federal Communications Act of 1934 or the Cable Communications Policy Act.

A.    The Individual Defendants.

The manner in which the complaint identifies the defendants makes it clear that plaintiff is suing them exclusively as individuals. The use of additional phrases such as "d/b/a Center City Citizens Club" merely serves to clarify the conduct for which defendants are being sued and the context in which defendants are alleged to have engaged in that conduct. And, because individuals can be liable under both § 553 and § 605, defendants have failed to identify any basis for dismissal of the complaint. See, e.g., 47 U.S.C. § 522(12). In other words, notwithstanding defendants' assertions to the contrary, corporate structure and corporate employment do not automatically insulate them from personal liability for their own unlawful conduct, even

3

if undertaken on behalf of the corporation.  See generally Bond Leather Co., Inc. v. Q.T. Shoe Mfg. Co., Inc., 764 F.2d 928, 938 (1st Cir. 1985); Escude Cruz v. Ortho Pharmaceutical Corp., 619 F.2d 902, 907 (1st Cir. 1980).

B.    The Business Entities.

As to the unincorporated business entities identified in the complaint (under which the individual defendants are alleged to have conducted business), plaintiffs are correct in pointing out that, strictly speaking, such entities cannot be sued.  Instead, the principal doing business under that name is the proper party to any lawsuit.  One legal commentator has described the sole proprietorship as follows:

> The individual proprietorship or sole proprietorship - the two terms being interchangeable - is the oldest, simplest, and most prevalent form of business enterprise. . . . In short, the individual proprietor is the "boss", personally employing others as employees or agents.  The business contracts - those made personally or by agents within their actual or apparent authority, or when made beyond the agency power, ratified - are the proprietor's contracts.  As to torts, the proprietor is responsible directly for those personally committed and vicariously (respondeat superior) for those committed by employees within the scope of their employment.  The proprietor's personal liability, therefore,

4

is unlimited, subject to possible protection by contractual stipulation or insurance.

Harry Henn & John Alexander, Law of Corporations, 57-58 (3d ed. 1983). See also Kremen v. Cohen, __ F. Supp. 2d __, 2000 WL 1811403 (N.D. Cal. 2000) ("Doing business under another name does not create an entity distinct from the person operating the business. The business is a fiction, and so too is any implication that the business is a legal entity separate from its owner.") (quoting Pinkerton's Inc. v. Superior Court, 49 Cal. App. 4th 1342, 1348 (Cal. Ct. App. 1996)).

Plaintiff's apparent effort to name unincorporated entities, or sole proprietorships, or "d/b/a s" as separate defendants is most appropriately viewed as unnecessary surplusage, which merely illuminates the context in which the named individuals are said to be liable to plaintiff. To the extent the entities referenced in the complaint are actually corporations, they have not been properly named.

## Conclusion

In light of the foregoing, defendants' motions to dismiss (documents no. 23, 34, and 35) are denied. The individual defendants have not identified any legal basis for such dismissal, as individuals can be liable for violations of the Federal Communications Act of 1934, as amended by the Cable Communications Policy Act. With regard to the unincorporated business entities identified in the complaint - The Citizens Club, Center City Citizens Club, Ukranian Associates, and Mike's Pub & Grub (as distinguished from Mike's Pub & Grub, Inc.) - if they do not exist independently from the person(s) operating those businesses (as plaintiffs claim), then there is no reason to dismiss them. If they do exist as lawful corporate entities, then they have not been sued.

Finally, defendant Michael Richard's motion to quash interrogatories pending resolution of the motions to dismiss addressed in this order (document no. 43) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 11, 2001

cc:   Gregory W. Swope, Esq.
      Wayne D. Lonstein, Esq.
      Joseph M. Wisniewski, Jr., Esq.
      Vincent A. Wenners, Jr., Esq.