Donna M. BRUHEIM, Appellant,

v.

David J. LITTLE, William J. Broesch, Joyce E. Broesch,
American Family Mutual Insurance Company of
Wisconsin and Earl Conner, Respondents.†

Court of Appeals

*No. 79–1607. Submitted on briefs June 30, 1980.—
Decided July 22, 1980.*
(Also reported 295 N.W.2d 793.)

For the appellant the cause was submitted on the
brief of *Richard A. Heilprin and Heilprin Law Offices,
S.C.,* of Madison.

For the respondent David J. Little the cause was sub-
mitted on the brief of *John D. Winner, Scott G. Pernitz*
and *Winner, McCallum, Hendee & Wixson* of Madison.

† Petition to review granted.

For the respondents William J. Broesch and Joyce E. Broesch the cause was submitted on the brief of *Clyde C. Cross* and *Cross and Mercer* of Baraboo.

For the respondents American Family Mutual Insurance Company and Earl Conner the cause was submitted on the brief of *John M. Moore, Thomas A. Lockyear* and *Bell, Metzner & Gierhart, S.C.*, of Madison.

Before Donlin, P.J., Foley, J., and Dean, J.

DONLIN, P.J.    Donna Bruheim was injured in a traffic accident. She was the passenger on a motorcycle driven by David Little, which collided with an automobile driven by William Broesch. Bruheim commenced this suit, claiming two causes of action: (1) for compensatory damages for her injuries from the allegedly causally negligent drivers and their respective insurers; (2) for compensatory and exemplary damages for the breach of the insurers' duty to negotiate and settle claims in good faith from the insurers and their mutual claims representative. The second cause of action is the subject of this appeal.

The defendants and their insurers each filed offers of judgment for $15,000, the respective applicable policy limits in the first cause of action. The insurance companies and their claims representative moved the trial court to dismiss Bruheim's cause of action based on sec. 802.06(2)(f), Stats., for "failure to state a claim upon which relief can be granted." The trial court granted the insurance companies' motion and held that in this case, Bruheim had no cause of action. Bruheim appeals.

Under Wisconsin case law, it is clear that an insurance company owes an affirmative duty to its insured of good faith treatment of any covered claims against the

insured.[1] The fundamental basis for this duty to deal with a claim in good faith arises by reason of the insurance contract that the insured purchased. "By virtue of the relationship between the parties created by the contract, a special duty arises, the breach of which is a tort . . . ."[2] The Wisconsin Supreme Court has said "[i]t is obvious, then, that what we speak of when referring to bad faith is the breach of a known fiduciary duty."[3] In summary, the bad faith handling of a claim by an insurance company gives rise to a "tort of bad faith" action in the insured, "which results from a breach of duty imposed as a consequence of the relationship established by contract."[4]

Bruheim contends that she has a vested right to assert a tort of bad faith action against these insurers based solely upon her posture as a third-party claimant, without any contractual relationship. She relies on dicta in a Wisconsin worker's compensation case to support this contention.[5] The trial court correctly limited that case to its facts and rejected Bruheim's reliance on the dicta in that case. All rights recognized in that case arose from the claimant's employment contract, which included his rights to worker's compensation benefits and the compulsory insurance required by sec. 102.28 (2), Stats. The court's decision in that case specifically pointed out that the basis for the tort of bad faith being recognized there arose out of the contractual obligation of the in-

[1] *Alt v. American Family Mut. Ins. Co.*, 71 Wis.2d 340, 237 N.W.2d 706 (1976) ; *Johnson v. American Family Mut. Ins. Co.*, 93 Wis.2d 633, 287 N.W.2d 729 (1980).

[2] *Anderson v. Continental Ins. Co.*, 85 Wis.2d 675, 686, 271 N.W.2d 368, 374 (1978).

[3] *Alt, supra* note 1, at 348, 237 N.W.2d at 712.

[4] *Anderson, supra* note 2, at 687, 271 N.W.2d at 374.

[5] *Coleman v. American Universal Ins. Co.*, 86 Wis. 2d 615, 273 N.W.2d 220 (1979).

surer to pay worker's compensation benefits to the claimant. If the supreme court had intended to depart from its previous, often-repeated position that this tort has its genesis in contractual obligations, it would have said so. In its most recent decision concerning this tort, the court made no reference to the case Bruheim relies on and expressly based the insurer's duty to act in good faith in handling claims upon its fiduciary duty to the insured.[6]

Bruheim here seeks to have the rights that have previously accrued to insureds under their contracts with their insurers extended to all third-party claimants. This would negate the fundamental contractual basis for this right, including the consideration paid for it by the insureds. We decline to do this. Wisconsin precedent "does not categorically stand for the proposition that an insurer must seize every opportunity to settle a claim within policy limits. . . . [It] recognizes that when we speak of bad faith we are referring to a breach of a known fiduciary duty."[7] There was no relationship between Bruheim and the insurers that gave rise to a fiduciary duty. As neither insurer owed any fiduciary duty to Bruheim, there can be no cause of action for an alleged breach of this duty.

*By the Court.*—Order affirmed.

---

[6] *Johnson, supra* note 1.

[7] *Johnson, supra* note 1, at 645–46, 287 N.W.2d at 735.