Rosalie **UEBELACKER** and Donald F. Uebelacker, Plaintiffs,

v.

**HORACE MANN INSURANCE CO.** and Johnny C. Brown, Jr., Defendants.

Civ. A. No. 80–C–113.

United States District Court, E. D. Wisconsin.

Oct. 28, 1980.

Marjan R. Kmiec, Milwaukee, Wis., for plaintiffs.

Carroll Metzner, Madison, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for damages brought pursuant to 28 U.S.C. § 1332. The plaintiffs Rosalie Uebelacker and Donald Uebelacker allege that they were injured in Arkansas during a car accident caused by the defendant Johnny C. Brown, Jr., who was at the time driving a car insured under a policy of insurance issued to one Quita T. Brown by the defendant Horace Mann Insurance Co. ("HMIC"). The plaintiffs are residents of Wisconsin, the defendant Johnny C. Brown, Jr., is a resident of Tennessee, and the defendant HMIC is incorporated in Florida and has its principal place of business in Illinois.

Presently pending before the court is the renewed motion of the defendants to dismiss the complaint. For the following reasons the motion is granted.

*Johnny C. Brown, Jr.*

 There is not a single allegation in the complaint or in any of the other materials in the file that the defendant Johnny C. Brown, Jr. has any connection with the State of Wisconsin. The existence of minimum contacts between a defendant and a forum state is a prerequisite under the

Fourteenth Amendment to the exercise of personal jurisdiction over the defendant by trial courts located in that state. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In *Utz v. Nationwide Mutual Insurance Company*, 619 F.2d 7, 10 (7th Cir. 1980), the court of appeals held in a similar case that before a district court may dismiss an action as to an individual defendant for lack of personal jurisdiction:

"* * * [r]ather than assuming that all insurance policies give the insurer the right to enter into negotiations without the consent of the defendant (although this may well be the case) [and in which case no agency relation exists between the insurer and the insured in the conduct of settlement negotiations and therefore the conduct of negotiations within the state by the insurer does not confer jurisdiction over the insured], we believe it the better practice to examine the terms of the insurance policy at issue to determine their legal effect."

The defendants have now submitted a copy of the policy to the court. Paragraph 5 of the policy conditions set forth at page 28 of the policy provides in part:

"ASSISTANCE AND COOPERATION OF THE INSURED. The *insured* shall cooperate with the company and, upon the company's request, assist in effecting settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any *person* * * *. The *insured* shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident."

A fair reading of this section indicates that the insurer has control of the initiation and the conduct of settlement negotiations and that it is the decision of the insurer how, if at all, the insured shall participate. Thus the insurer, because it does not act at the request of the insured, does not act as his agent during the negotiations, and its conduct of negotiations does not confer personal jurisdiction over the insured on this

court. *Kirchen v. Orth*, 390 F.Supp. 313, 317 (E.D.Wis.1975).

### *HMIC—Plaintiff's First Cause of Action*

Plaintiffs' first cause of action is one to recover under the insurance policy issued by HMIC to Quita T. Brown for personal injuries suffered by the plaintiffs in the car accident in Arkansas. Section 803.04(2)(a), Wis.Stats., provides that an insurer may be sued directly in Wisconsin except:

"* * * If the policy of insurance was issued or delivered outside this state, the insurer is by this paragraph made a proper party defendant only if the accident, injury or negligence occurred in this state."

HMIC has now submitted to the court the policy of insurance and it was issued in Memphis, Tennessee. Thus, § 803.04(2)(a) does not authorize the plaintiffs' direct action against HMIC.

The further issue then arises whether HMIC should be estopped by equity considerations from relying on the direct action statute. *Kirchen v. Orth*, supra; *Bielke v. Iowa National Mutual Insurance Co.*, 451 F.Supp. 376 (E.D.Wis.1978). In *Utz v. Nationwide Mutual Insurance Co.*, supra, at 9–10, the court vacated an order dismissing a direct action against an insurer because the insurer had not produced the policy and shown that it was not issued in Wisconsin, and also:

"Further and most importantly, since the district court reached the question of the direct action statute on its own motion and without the question's having been raised by the parties, *the plaintiff did not have an opportunity to present any evidence* which might have indicated that Nationwide should be estopped from asserting the limitations of the direct action statute as a defense." (Emphasis added.)

The plaintiff in this case has now had that opportunity and has not presented sufficient evidence to justify an estoppel of HMIC from asserting the defense of the direct action statute.

The basis for the estoppel found in *Kirchen v. Orth*, supra, was:

"* * * that the defendants' agents in Wisconsin, through their conduct during extensive and ongoing negotiations with the plaintiffs' attorney, had consistently misled him into believing that the policy of insurance would be available to the plaintiffs in their suit in Wisconsin." *Bielke v. Iowa National Mutual Insurance Company*, supra, at 377.

HMIC has attached to its brief filed August 26, 1980, copies of all the correspondence and verifications of telephone calls between it and the plaintiffs and their counsel relative to plaintiffs' claim which occurred in the course of negotiating an attempted settlement of the claim. That correspondence and the verifications, in conjunction with the affidavit of Mr. Roger G. Latham, HMIC's claims manager in Memphis, establish that HMIC conducted all of its negotiations from its office in Memphis, that it never employed personnel in Wisconsin to handle the claim, and that it did not mislead the plaintiffs into believing that HMIC would submit to suit in Wisconsin. Thus, the direct action statute acts to bar plaintiffs' first cause of action against HMIC.

*HMIC–Plaintiffs' Second Cause of Action*

Plaintiffs' second cause of action against HMIC is a claim for damages arising out of HMIC's alleged bad faith refusal to negotiate or settle the plaintiffs' claim. In the decision and order issued in this action on June 20, 1980, the court found that Wisconsin does recognize such a cause of action on behalf of a third party against an insurer, relying on *Coleman v. American Universal Insurance Company*, 86 Wis.2d 615, 620, 273 N.W.2d 220 (1979) and *Ginger v. Coronet Insurance Company*, C.A. No. 79–C–552 (E.D.Wis. October 5, 1979) (Gordon, J.). On further consideration I am satisfied that that decision was erroneous and that the plaintiffs' second cause of action fails to set forth an actionable wrong.

■ The Wisconsin Supreme Court recognizes the existence of a tort of bad faith arising out of the failure of an insurer to perform the duties imposed on it as a result of the relationship established by a contract of insurance. For example, where the in-

surer fails to act in good faith in refusing to settle a claim within the policy limits, the insured may maintain an action to recover the amount of a judgment obtained against him by a third party which exceeds the policy limits. *Hilker v. Western Automobile Insurance Company*, 204 Wis. 1, 231 N.W. 257 (1930), 235 N.W. 413 (1931); *Johnson v. American Family Mutual Insurance Company*, 93 Wis.2d 633, 287 N.W.2d 729 (1980). See also *Gruenberg v. Aetna Insurance Company*, 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973). Similarly, an insured may maintain a tort action against his own insurer as a result of the insurer's failure to act in good faith in paying a claim. *Anderson v. Continental Insurance Company*, 85 Wis.2d 675, 271 N.W.2d 368 (1978). The right of a third party claimant to maintain an action for bad faith against the insurer has, however, been recognized only where the claimant has a vested claim, whether as a result of statutory entitlement, for example under the worker's compensation statutes, or as a result of an unsatisfied judgment against the insured. *Coleman v. American Universal Insurance Company*, 86 Wis.2d 615, 273 N.W.2d 220 (1978); *Barrera v. State Farm Mutual Automobile Insurance Company*, 71 Cal.2d 659, 79 Cal.Rptr. 106, 456 P.2d 674 (1969); *Royal Globe Insurance Company v. Superior Court*, 23 Cal.3d 880, 153 Cal.Rptr. 842, 592 P.2d 329 (1979).

■ There is language in *Coleman v. American Universal Insurance Company*, supra, which seems to recognize the right of a third party to maintain an action for bad faith against an insurer:

"The tort of bad faith [in the settlement or payment of insurance benefits] was recently recognized by this court in *Anderson v. Continental Insurance Co.*, 85 Wis.2d 675, 271 N.W.2d 368 (1978). It is apparent that the rationale of *Anderson* is applicable not only to the claim of a first–party insured against its insurance company, but is also applicable when the case involves a third–party claim against an insurer." 86 Wis.2d at 620.

**184**

In *Bruheim v. Little*, 98 Wis.2d 178, 295 N.W.2d 793 (1980), however, the Wisconsin Court of Appeals stated:

"Bruheim contends that she has a vested right to assert a tort of bad faith action against these insurers based solely upon her posture as a third–party claimant, without any contractual relationship. She relies on dicta in a Wisconsin worker's compensation case [*Coleman*] to support this contention. The trial court correctly limited that case to its facts and rejected Bruheim's reliance on the dicta in that case. All rights recognized in that case arose from the claimant's employment contract, which included his rights to worker's compensation benefits and the compulsory insurance required by sec. 102.28(2), Stats. The court's decision in that case specifically pointed out that the basis for the tort of bad faith being recognized there arose out of the contractual obligation of the insurer to pay worker's compensation benefits to the claimant. If the supreme court had intended to depart from its previous, often–repeated position that this tort has its genesis in contractual obligations, it would have said so. In its most recent decision concerning this tort [*Johnson v. American Family Mutual Insurance Company*, supra], the court made no reference to the case Bruheim relies on and expressly based the insurer's duty to act in good faith in handling claims upon its fiduciary duty to the insured.

"Bruheim here seeks to have the rights that have previously accrued to insureds under their contracts with their insurers extended to all third–party claimants. This would negate the fundamental contractual basis for this right, including the consideration paid for it by the insureds. We decline to do this. * * *. There was no relationship between Bruheim and the insurers that gave rise to a fiduciary duty. As neither insurer owed any fiduciary duty to Bruheim, there can be no cause of action for an alleged breach of this duty." 98 Wis.2d at 180–181, 295 N.W.2d 793.

Plaintiffs in this case have neither a fiduciary relationship with HMIC, nor a judgment against it, nor a statutory claim to recovery from it. Therefore they have no claim against it for bad faith in negotiating or settling the plaintiffs' claim.

### ORDER

For the foregoing reasons,

IT IS ORDERED that the defendants' motion to dismiss the complaint is granted, and that this action is dismissed against both defendants.