**Clyde C. GINGER, Plaintiff,**

v.

**CORONET INSURANCE COMPANY, Defendant.**

**No. 79–C–552.**

United States District Court,
E. D. Wisconsin.

Feb. 9, 1981.

James A. Beaudry, Beaudry & Beaudry, West Allis, Wis., for plaintiff.

Jon G. Mason, Plous, Boule, Plous & Mason, Kenosha, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved for a reconsideration of this court's order dated October 5, 1979. In the latter order, I denied the motion of Coronet Insurance Company to dismiss this case for failure to state a claim upon which relief could be granted. Upon reconsideration, I find that the defendant's motion to dismiss must be granted.

The plaintiff, Mr. Ginger, has no contractual relationship with Coronet Insurance Company, but nevertheless, as a third-party claimant he is seeking to enforce a claim of tortious bad faith against Coronet Insurance Company for its failure to have settled his claim against Coronet and its insured, Mr. Rybka.

In denying the defendant's motion to dismiss, I relied on *Coleman v. American Universal Ins. Co.*, 86 Wis.2d 615, 620, 273 N.W.2d 220 (1979). In a subsequent ruling dated October 16, 1980, in which I denied Coronet's motion for summary judgment, I once again referred to the *Coleman* decision. In that case, an action for damages for bad faith was brought by Mr. Coleman against his employer's workmen's compensation insurance carrier; the Wisconsin supreme court found that Mr. Anderson was entitled to pursue his claim against the insurance company, even though he was not the insured.

I was impressed with the applicability, by analogy, of *Coleman* to the circumstances in the case at bar and, until the current motion for reconsideration, I knew of no authority to justify a contrary ruling. In its current motion, Coronet relies upon *Bruheim v. Little*, 98 Wis.2d 178, 295 N.W.2d 793 (1980), decided by the Wisconsin court of appeals on July 22, 1980. The decisions of that court pursuant to § 752.41(2), Wis. Stats., are given statewide precedential impact.

In *Bruheim*, at page 180, 295 N.W.2d 793, the state court of appeals expressly considered and rejected the applicability of the *Coleman* "dicta" to a third party plaintiff in a personal injury situation. Referring to *Coleman*, the state appellate court observed that the rights "recognized in that case arose from the claimant's employment contract, which included his rights to worker's compensation benefits...." The state appellate court went on to point out in *Bruheim* that there was no fiduciary duty between the injured passenger, Donna Bruheim, and the insurers who had policies covering the drivers of the two vehicles which had collided. Said the court (p. 181, 295 N.W.2d 793):

> "As neither insurer owed any fiduciary duty to Bruheim, there can be no cause of action for an alleged breach of this duty."

The federal district court has jurisdiction over the case at bar because of diversity. Therefore, this court must apply the law of the forum state. At the time of my original order, October 5, 1979, I deemed the Wisconsin law to permit an action for bad faith brought by a third-party claimant against an insurer, despite the absence of privity. It is now clear, pursuant to the holding in *Bruheim*, that the law of Wisconsin is otherwise.

Judgment has not been entered in the case at bar, so there is no problem here of

**720**

prospective or retroactive application of the *Bruheim* ruling. Accordingly, upon the motion for reconsideration, the defendant is entitled to a favorable order on its motion to dismiss pursuant to Rule 12(b)(6).

Therefore, IT IS ORDERED that the defendant's motion for reconsideration be and hereby is granted.

IT IS ALSO ORDERED that the defendant's motion to dismiss for failure to state a claim upon which relief can be granted be and hereby is granted.

IT IS FURTHER ORDERED that the plaintiff's action be and hereby is dismissed.