Christopher Aslakson,
Plaintiff-Respondent,†

v.

Gallagher Bassett Services, Inc.,
Defendant-Appellant,

Wisconsin Worker's Compensation
Uninsured Employer's Fund, Defendant.

Court of Appeals

*No. 2004AP2588. Submitted on briefs May 23, 2005.
—Decided February 2, 2006.*

2006 WI App 35

(Also reported in 711 N.W.2d 667.)

† Petition to review granted 6-14-06.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *David A. Piehler* and *Eric C. Pease* of *Piehler & Strande, S.C.*, Wausau.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Dan Arndt* of *Arndt, Buswell & Thorn, S.C.*, Sparta.

A nonparty brief was filed by *Peggy A. Lautenschlager*, attorney general and *Jennifer Sloan Lattis*,

assistant attorney general, on behalf of the Wisconsin Department of Workforce Development.

Before Lundsten, P.J., Dykman and Deininger, JJ.

¶ 1. DYKMAN, J. Gallagher Bassett Services, Inc., appeals from an order denying its motion to dismiss Christopher Aslakson's bad faith insurance claim against Gallagher Bassett, a third-party fund administrator (fund administrator) of the Wisconsin Worker's Compensation Uninsured Employers Fund (Fund).[1] The fund administrator contends that the circuit court erred by concluding that the Worker's Compensation Act does not provide an exclusive remedy for bad faith claims against the Fund and its agents, and therefore the act does not preclude such common law claims. The fund administrator asserts that WIS. STAT. § 102.81(1)(a) (2003–04)[2] and WIS. ADMIN. CODE § DWD 80.62(7)(b) (2005) provide Aslakson's exclusive remedy for bad faith claims against the Fund and its agents but disallow recovery of damages on such claims. We agree and conclude the plain language of these provisions precludes common law bad faith claims against the Fund and its agents. Therefore, we reverse.[3]

[1] This is an appeal from a non-final order. We previously granted Gallagher Bassett's petition for leave to appeal this order pursuant to WIS. STAT. § 808.03(2).

[2] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

[3] The circuit court granted the Fund's motion to dismiss on sovereign immunity grounds. The parties do not address whether sovereign immunity also applies to Gallagher Bassett in its capacity as an agent of the Fund. This issue has not been briefed and, regardless, we need not address it because we have concluded that Aslakson's common law bad faith claim is barred on other grounds.

667

### *Background*

¶ 2. Aslakson brought this action against the Fund and Gallagher Bassett alleging bad faith in the handling of his worker's compensation claim. In 1998, Aslakson was working as a carpenter for Ken Donais Construction when he fell eighteen feet to the ground while setting a truss on the roof of a pole barn. Aslakson's injuries were serious and required substantial medical treatment. Ken Donais did not have worker's compensation insurance, and consequently Aslakson filed a claim with the Fund. The fund administrator denied Aslakson's claim. Aslakson sought a hearing before the Worker's Compensation Division on the denial. An administrative law judge took testimony and issued a decision that ordered the Fund to pay Aslakson's claim. The Fund paid some of the ordered benefits and contested the remainder in an appeal from the decision to the Labor and Industry Review Commission (LIRC).

¶ 3. LIRC affirmed the decision of the administrative law judge, and the circuit court later upheld LIRC's decision. We likewise affirmed the decision of LIRC, *Wisconsin Worker's Compensation Uninsured Employer's Fund c/o Gallagher Bassett Services, Inc. v. Labor and Industry Review Commission*, No. 2003AP258, unpublished slip op. ¶ 1 (WI App September 25, 2003). Consequently, the Fund paid the remaining portion of Aslakson's claim.

¶ 4. Aslakson brought the present action against the Fund and fund administrator, each of whom moved to dismiss the complaint. The circuit court granted the Fund's motion to dismiss on sovereign immunity grounds. It denied the fund administrator's motion, concluding that the exclusivity of remedy provision of

the Worker's Compensation Act did not apply, and therefore the act did not preclude Aslakson's common law bad faith claim. The fund administrator petitioned for leave to appeal the order denying its motion to dismiss, and we granted its petition.

### Discussion

¶ 5. The fund administrator contends that the Worker's Compensation Act provides Aslakson's exclusive remedy because provisions of the act and the administrative code establish that the act covers bad faith claims against the Fund and its agents, even though the act does not allow recovery of damages for such claims.[4] Aslakson asserts that the act does not cover bad faith claims against the Fund and its agents, and consequently the act does not preclude such claims in common law.

■

¶ 6. We review a circuit court's grant or denial of a motion to dismiss a complaint de novo. *Doe v. Archdiocese of Milwaukee*, 2005 WI 123, ¶ 19, 284 Wis. 2d. 307, 700 N.W.2d 180. "A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint." *Id.* (citation omitted). We accept as true the facts as pled by the plaintiff and will dismiss the plaintiff's complaint "if it is quite clear that there are no conditions under which that plaintiff could recover." *Id.* (citations omitted).

---

[4] Aslakson does not dispute that the fund administrator was an agent of the Fund. WISCONSIN ADMIN. CODE § DWD 80.62(2)(a) provides that an "agent means a third-party administrator or other person selected by the department to assist in the administration of the uninsured employers fund program."

¶ 7. To determine whether the Worker's Compensation Act precludes Alsakson's common law bad faith claim, we must construe certain provisions of Chapter 102 and the administrative code. We interpret statutes independent of the circuit court's determinations. *See State v. Stenklyft*, 2005 WI 71, ¶ 7, 281 Wis. 2d 484, 697 N.W.2d 769. Likewise, we interpret administrative rules independent of the circuit court, but "we accord deference to [an] agency's interpretation and application of its own administrative regulations unless the interpretation is inconsistent with the language of the regulation or is clearly erroneous." *State ex rel. Sprewell v. McCaughtry*, 226 Wis. 2d 389, 394, 595 N.W.2d 39 (Ct. App. 1999) (citation omitted). Statutory interpretation "begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry." *State ex rel. Kalal v. Circuit Court*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (citations omitted). "[S]tatutory language is interpreted in the context in which it is used; not in isolation but as a part of a whole; [and] in relation to the language of surrounding or closely-related statutes." *Id.*, ¶ 46 (citations omitted).

¶ 8. The Fund is a "non-lapsible trust fund" created in 1989 by the legislature to pay benefits on valid worker's compensation claims of employees of uninsured employers. *See* WIS. STAT. § 102.80(1). The Fund is subject to the provisions of the Worker's Compensation Act, including WIS. STAT. § 102.03(2), which states that the act provides the exclusive remedy for all claims recognized by the act.[5] Furthermore, when the legisla-

---

[5] WISCONSIN STAT. § 102.03(2) provides in part: "Where such conditions exist the right to the recovery of compensation

ture enacts a comprehensive statutory remedy such as the Worker's Compensation Act, that remedy is presumed to be exclusive absent evidence of legislative intent to the contrary. *See Bourque v. Wausau Hospital Center*, 145 Wis. 2d 589, 594, 427 N.W.2d 433 (Ct. App. 1988).

¶ 9. In *Coleman v. American Universal Ins. Co.*, 86 Wis. 2d 615, 621, 273 N.W.2d 220 (1979), the supreme court explained that the act distinguishes "between a covered injury and compensable damages." Thus, "[i]f an injury is covered by the act, an action for damages is barred, even though the particular element of damages is not compensable under the act." *Id.*

¶ 10. The *Coleman* court concluded that the act did not cover bad faith claims against worker's compensation insurers, and thus the act did not provide the exclusive remedy for such claims. In response to *Coleman*, the 1979–80 Wisconsin Legislature adopted WIS. STAT. § 102.18(1)(bp), which provides that the department may assess a penalty for bad faith in the handling of a worker's compensation claim and states that this penalty "is the exclusive remedy against an employer or insurance carrier for malice or bad faith."[6]

---

under this chapter shall be the exclusive remedy against the employer, any other employee of the same employer and the worker's compensation insurance carrier."

[6] WISCONSIN STAT. § 102.18(1)(bp) provides in part:

The department may include a penalty in an award to an employee if it determines that the employer's or insurance carrier's suspension of, termination of or failure to make payments or failure to report injury resulted from malice or bad faith. This penalty is the exclusive remedy against an employer or insurance carrier for malice or bad faith.

¶ 11. The parties agree that our analysis must begin with WIS. STAT. § 102.81(1)(a), which states:

[i]f an employee of an uninsured employer suffers an injury for which the uninsured employer is liable under s. 102.03, the [Fund] or the [Fund]'s reinsurer shall pay to the injured employee an amount equal to the compensation owed them by the uninsured employer under this chapter except penalties and interest due under ss. 102.16(3), 102.18(1)(b) and (bp), 102.22(1), 102.35(3), 102.57, and 102.60.

The fund administrator contends that the statute's mandate that the Fund pay all compensation owed to the injured employee "except penalties and interest due under s[.] 102.18(1)[](bp)" plainly excuses the Fund and its agents from liability. The administrator also notes that this interpretation is reflected in WIS. ADMIN. CODE DWD 80.62(7)(b), which provides: "The department or its agent is not liable for penalties and interest due under ss. 102.16(3), 102.18(1)(b) and (bp), 102.22(1), 102.35(3), 102.57 and 102.60."

¶ 12. Aslakson asserts that WIS. STAT. § 102.81(1)(a) applies only when the employee of an uninsured employer "suffers an injury for which the uninsured employer is liable under s. 102.03," and that here, in a claim of insurer bad faith, the Fund and its agent, not the uninsured employer, are the liable parties. Aslakson also contends that WIS. STAT. § 102.18(1)(bp) does not apply to the Fund and its agents, only to "employers" and "insurance carriers."

¶ 13. We agree with the fund administrator and conclude that the plain language of WIS. STAT. § 102.81(1)(a) covers bad faith claims but exempts the Fund and its agents from penalties for such claims. The administrator's interpretation is consistent with

accepted principles of statutory interpretation. Conversely, Aslakson's view fails to give reasonable effect to each word of 102.81(1)(a). *See Kalal*, 271 Wis. 2d 633, ¶ 46 ("Statutory language is read where possible to give reasonable effect to every word, in order to avoid surplusage."). It also places undue emphasis on the phrase "suffers an injury for which the uninsured employer is liable under s. 102.03" and treats "except penalties and interest due under s[.] 102.18(1)(bp)" as surplusage. Additionally, Aslakson disregards portions of the administrative code that contradict his view. WISCONSIN ADMIN. CODE DWD 80.62(7)(b) could not be more clear: "The department or its agents is not liable for penalties under s[.] 102.18(1)[](bp)." The fund administrator's construction harmonizes DWD 80.62(7)(b) with 102.81(1)(a). *See County of Milwaukee v. Superior of Wisconsin, Inc.*, 2000 WI App 75, ¶ 21, 234 Wis. 2d 218, 610 N.W.2d 484 (stating that statutes and administrative regulations on the same subject matter must be construed in a manner that harmonizes them in order to give each full force and effect) (citation omitted). Moreover, Aslakson's argument that WIS. STAT. § 102.18(1)(bp) applies only to "employers" and "insurance carriers" ignores another portion of DWD 80.62(7)(b), which states: "Except as provided in this section, the department or its agent shall have the same rights and responsibilities in administering claims under ch. 102, Stats., as an insurer authorized to do business in this state."

¶ 14. Finally, Aslakson asserts that *Coleman* compels the result he seeks. As Aslakson notes, *Coleman* and the present case are factually similar. However, as we have already explained, *Coleman* has been superceded by statute.

¶ 15.  We therefore reverse the circuit court's denial of the fund administrator's motion to dismiss.[7]

*By the Court.*—Order reversed.

[7] Aslakson and Gallagher Bassett each contend that public policy considerations support their respective positions. Because the plain language of the applicable statutes dictates our result, we need not address these arguments.