Patricia MELESKI, Plaintiff-Appellant,

v.

SCHBOHM LLC and Partners Mutual Insurance
Company, Defendants-Respondents,

BLUE CROSS BLUE SHIELD OF WISCONSIN, Defendant.

Court of Appeals

*No. 2010AP2951. Submitted on briefs April 4, 2012.
—Decided May 1, 2012.*

2012 WI App 63

(Also reported in 817 N.W.2d 887.)

716

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Leah M. Michaelson-Link* and *Daniel S. Davis* of *Davis & Gelshenen, LLP*, Milwaukee.

On behalf of the defendants-respondents, *Schbohm LLC* and *Partners Mutual Insurance Company*, the cause was submitted on the brief of *Mark J. Mingo* and *Brooke E. Bennett* of *Mingo & Yankala, S.C.* of Milwaukee.

Before Fine, Kessler and Brennan, JJ.

¶ 1. FINE, J. Patricia Meleski appeals, by our leave, the circuit court's non-final order dismissing on summary judgment her bad-faith claims against Partners Mutual Insurance Company. *See* WIS. STAT.

§ 808.03(2) (appeals of non-final orders). The issue is whether a non-insured may assert bad-faith claims against an insurance company when: (1) the company's obligation to the non-insured is fixed, and (2) the non-insured contends the company refuses in bad faith to discharge that obligation. We hold that the non-insured may assert those claims, and, accordingly, reverse.

I.

¶ 2.   As material to this appeal, Meleski sued Schbohm, LLC, and Partners Mutual, Schbohm's insurance carrier. Meleski's complaint alleged that she was hurt when she fell on Schbohm's property. She claimed personal-injury and medical-expense damages. This appeal concerns only the medical-expense damages.

¶ 3.   The Partners Mutual policy promised to "pay medical expenses . . . for 'bodily injury' caused by an accident" either "[o]n premises" Schbohm owned or rented, or "[o]n ways next to premises" Schbohm owned or rented. Partners Mutual does not dispute the applicability of this insuring clause.

¶ 4.   Partners Mutual also promised Schbohm that it would pay the medical expenses "regardless of fault." Meleski claims that Partners Mutual nevertheless stonewalled her, and refused, in the words of her complaint, to pay her "medical expense claim, without reasonable proof to establish" that it "was not responsible for payment." Meleski thus brought this action asserting bad-faith claims against Partners Mutual. The circuit court dismissed her bad-faith claims because, as it opined in an oral decision, those claims, in its view, could only be asserted by someone in "privity of contract" with the insurance company.

718

## II.

■

¶ 5.   A court may only grant summary judgment if "there is no genuine issue as to any material fact" and a party "is entitled to a judgment as a matter of law." WIS. STAT. RULE 802.08(2). We review *de novo* a circuit court's rulings on summary judgment. *Johnson v. Mt. Morris Mut. Ins. Co.*, 2012 WI App 3, ¶ 8, 338 Wis. 2d 327, 332, 809 N.W.2d 53, 56 (Ct. App. 2011). Further, the viability of Meleski's bad-faith claims also is a legal issue that is subject to our *de novo* review. *See Roehl Transport, Inc. v. Liberty Mut. Ins. Co.*, 2010 WI 49, ¶ 25, 325 Wis. 2d 56, 71, 784 N.W.2d 542, 550. Neither party to this appeal contends that the issue here involves disputed facts.

■■

¶ 6.   Although insurance policies issued to an insured are contracts between the carrier and the insured, *see Admiral Ins. Co. v. Paper Converting Machine Co.*, 2012 WI 30, ¶ 41, 339 Wis. 2d 291, 308, 811 N.W.2d 351, 360, they also can create third-party-beneficiary duties running from the insurance company to a non-insured. Thus, *Severson v. Milwaukee Auto Ins. Co.*, 265 Wis. 488, 61 N.W.2d 872 (1953), recognized that a policy that undertook to " 'pay all reasonable [medical] expenses incurred within one year from the date of [an] accident' " that was " 'caused by [the] accident and arising out of the ownership, maintenance or use of the automobile' " covered by the policy, made the insurance company amenable to suit by an injured non-insured to recover those medical expenses. *Id.*, 265 Wis. at 491–492, 61 N.W.2d at 874. Rejecting the insurance company's contention that suit was barred because there was "no privity of contract between" the person

seeking medical expenses under the policy and the company, *Severson* applied the well-established third-party-beneficiary doctrine:

> "Without further discussion of the matter we adhere to the doctrine that where *one person,* for a consideration moving to him from *another,* promises to pay to a *third person* a sum of money, the law immediately operates upon the acts of the parties, *establishing the essential of privity between the promisor and the third person requisite to binding contractual relations between them,* resulting in the immediate establishment of a new relation of debtor and creditor, regardless of the relations of the third person to the immediate promisee in the transaction; that the liability is as binding between the promisor and the third person as it would be if the consideration for the promise moved from the latter to the former and such promisor made the promise directly to such third person, regardless of whether the latter has any knowledge of the transaction at the time of its occurrence; that the liability being once created by the acts of the immediate parties to the transaction and the operation of the law thereon, neither one nor both of such parties can thereafter change the situation as regards the third person without his consent."

*Id.,* 265 Wis. at 494–495, 61 N.W.2d at 875–876 (quoted source omitted) (emphasis added). This is sort of a "Tinker to Evers to Chance" situation: the insurance company (the "one person" in the quotation from *Severson*) is paid by the insured (the "another" in the quotation from *Severson*) and, based on that consideration, promises to pay an injured non-insured (the "third person" in the quotation from *Severson*).[1] Simply put, "[a] person may enforce a contract as third-party

---

[1] Growing up in the shade of the original Yankee Stadium, the writer of this opinion often heard older fans talk about the

beneficiary if the contract indicates that he or she was either specifically intended by the contracting parties to benefit from the contract or is a member of the class the parties intended to benefit." *Milwaukee Area Technical College v. Frontier Adjusters of Milwaukee*, 2008 WI App 76, ¶ 20, 312 Wis. 2d 360, 377, 752 N.W.2d 396, 404. This fits Meleski like a glove.

¶ 7.   Other Wisconsin decisions also recognize, either expressly or implicitly, the applicability of the third-party-beneficiary doctrine to permit a non-insured to sue an insurance company in order to seek fulfillment of the insurance company's promise to pay that non-insured once that promise becomes fixed by a triggering event. *See Estate of Plautz by Pagel v. Time Ins. Co.*, 189 Wis. 2d 136, 144–148, 525 N.W.2d 342, 346–347 (Ct. App. 1994) (Beneficiary of a life insurance policy may sue insurer to recover on the policy after insured dies (the triggering event); upholding recovery of bad-faith damages.); *Coleman v. American Universal Ins. Co.*, 86 Wis. 2d 615, 620–626, 273 N.W.2d 220, 221–224 (1979) (Employee may sue employer's workers-compensation carrier for bad-faith damages if the carrier wrongfully does not "honor or pay the claim" that has matured (the triggering event)), *overruled by stat-*

---

fabled Chicago Cubs double-play marvels, Joe Tinker, Johnny Evers, and Frank Chance. For some background, see for example, http://memory.loc.gov/ammem/bbhtml/bb1.html (last visited April 16, 2012). The phrase Tinker to Evers to Chance is often used as a metaphor for a skilled coordinated combination, as in an advertisement for the film *The Hours,* which featured Nicole Kidman, Meryl Streep, and Julianne Moore, which proclaimed "that 'Kidman to Meryl to Moore' is 'the acting version of baseball's fabled 'Tinker to Evers to Chance.' " http://articles.chicagotribune.com/2010–07–05/news/ct-tinker-cubs-story_1_gonfalon-bubble-cubs-fan-poem (last visited April 16, 2012).

*ute making workers-compensation-statute remedies exclusive, see Aslakson v. Gallagher Bassett Services, Inc.,* 2006 WI App 35, ¶¶ 9–10, 289 Wis. 2d 664, 671, 711 N.W.2d 667, 670, *rev'd,* 2007 WI 39, 300 Wis. 2d 92, 729 N.W.2d 712.

■■

¶ 8.   The tort of insurance-company bad faith is based on "a breach of a duty imposed as a consequence of the contractual relationship." *Roehl Transport,* 2010 WI 49, ¶ 41, 325 Wis. 2d at 77, 784 N.W.2d at 552. It is designed to provide a remedy when the insurance company breaches the "implied covenant of good faith and fair dealing found in every contract." *Id.,* 2010 WI 49, ¶ 43, 325 Wis. 2d at 77–78, 784 N.W.2d at 552–553. Although generally limited to the breach of good faith and fair dealing the insurance company owes its insured, it is not so limited, as we have seen from *Coleman* and *Estate of Plautz. See Roehl Transport,* 2010 WI 49, ¶ 86 n.33, 325 Wis. 2d at 90–91 n.33, 784 N.W.2d at 559 n.33 (reaffirming "the method of common-law analysis utilized in *Coleman*"). "Nor do Wisconsin cases purport to catalogue all possible bad faith claims." *Roehl Transport,* 2010 WI 49, ¶ 36, 325 Wis. 2d at 75, 784 N.W.2d at 552. The key is whether a person seeking to assert a bad-faith claim against an insurance company is "in a *contractual relationship* with [that] insurance company." *Id.,* 2010 WI 49, ¶ 42, 325 Wis. 2d at 77, 784 N.W.2d at 553 (emphasis added), and, as we have already seen, third-party beneficiaries of contracts are in such a relationship—that is, they are in the class that the insurance contracts were designed to benefit. Meleski is such a claimant:   as in *Coleman* and *Estate of Plautz,* where the claimants' interests as beneficiaries under the contract between the carriers and the insureds had become fixed when the insurance

companies allegedly acted in bad faith, Meleski's entitlement to her medical expenses under the Partners Mutual policy was fixed the moment she fell in the area covered by the policy (the triggering event).[2]

¶ 9.  The crux of this case is thus unlike the run-of-the-mill tort action, where a third party is injured by something the insured has done (or not done) and the third-party's entitlement to payment depends on an apportionment of fault. Meleski's rights to her medical expenses did not depend on who was at fault. Rather, they were fixed once she fell. This is clear from *Kranzush v. Badger State Mut. Cas. Co.*, 103 Wis. 2d 56, 307 N.W.2d 256 (1981), on which Partners Mutual relies.

¶ 10.  The claimant in *Kranzush* was hurt when she was a passenger in a car driven by her husband. *Id.*, 103 Wis. 2d at 57–58, 307 N.W.2d at 257–258. She contended that her husband's insurer acted in bad faith when it refused to settle her tort claim. *Id.*, 103 Wis. 2d at 58–59, 307 N.W.2d at 258. After discussing *Coleman*, where, as *Kranzush* noted, the carrier stopped paying the claimant "in spite of their [sic] knowledge of the validity of his claim[,]" *Kranzush*, 103 Wis. 2d at 62, 307 N.W.2d at 260, *Kranzush* also noted that the wife's tort claim was not irremediably valid but, rather, was subject to evaluation; that the insurance company's liability, as the wife argued, may have been "reasonably clear" was not enough to permit her suit against the insurer for bad faith, *id.*, 103 Wis. 2d at 63, 72, 307 N.W.2d at 260, 265 ("[A]n insurer owes no duty to the third-party claimant to settle or to negotiate in good faith."). As recognized by *Uebelacker v. Horace Mann Ins. Co.*, 500

---

[2] Partners Mutual does not dispute that Meleski fell in an area covered by the policy.

F. Supp. 180 (E.D. Wis. 1980) (applying Wisconsin law and cited with approval by *Kranzush*, 103 Wis. 2d at 72, 307 N.W.2d at 264–265):

> The right of a third party claimant to maintain an action for bad faith against the insurer has, however, been recognized only where the claimant has a vested claim, whether as a result of statutory entitlement, for example under the worker's compensation statutes, or as a result of an unsatisfied judgment against the insured.

*Uebelacker*, 500 F. Supp. at 183. Here, as already noted, there is no dispute but that Meleski fell on property covered by the Partners Mutual policy. Since the policy obligated Partners Mutual to pay medical expenses irrespective of anyone's fault, Meleski's medical-expenses claim, to use *Uebelacker*'s word, became "vested."[3] As such, Partners Mutual is subject to her bad-faith action because she became, at the moment she fell, a fixed third-party beneficiary of the Partners Mutual insurance contract with Schbohm. Meleski may enforce her third-party-beneficiary rights against Partners Mutual. It will, of course, be up to a jury or judge sitting as a fact-finder to determine whether Partners Mutual acted in bad faith in rejecting Meleski's claims for medical damages, as she contends. Accordingly, we reverse the circuit court's grant of summary judgment dismissing Meleski bad-faith claims against Partners Mutual, and remand for further proceedings.[4]

---

[3] We prefer the word "fixed" rather than "vested" because the word "vested" may have legal ramifications beyond the scope of the narrow issue we decide.

[4] As seen from the above, we decide this case in light of Wisconsin law. Thus, we need not burden this opinion or the reader by discussing or analyzing the several foreign authorities

*By the Court.*—Order reversed and cause remanded.

cited to us by both parties. *See Newport Condominium Ass'n, Inc. v. Concord-Wisconsin, Inc.*, 205 Wis. 2d 577, 582–583 n.4, 556 N.W.2d 775, 778 n.4 (Ct. App. 1996).